| | | JEFFERSON CIRCUIT COURT |
|---|---|---|
| AOC-105      Summons Type: CI<br>Rev. 11-95<br><br>Commonwealth of Kentucky<br>Court of Justice<br><br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | DIVISION TWELVE (12)<br>Case No. **16CI00023**<br>Court _____<br>County __Jefferson__ |

Janice Colston,
Executrix of the Estate of Tommie Haugabook, Deceased        **PLAINTIFF**

VS.

Regency Nursing, LLC        **DEFENDANT**

    Serve:    Corporation Service Company
                421 W. Main Street
                  Frankfort, Kentucky  40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

    You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with this summons.  Unless a written defense is made by you or by an attorney on your behalf and filed in the clerk's office within 20 days following the day this paper is delivered to you. judgment by default may be taken against you for the relief demanded in the attached complaint.

    The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date: __JAN 04 2016__        Clerk: DAVID L. NICHOLSON, CLERK

                                                  By: _____G. Saylor_____ D.C.

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the complaint (or other initiating document) to:

_____

This _____ day of _____, 20 ___ .

Served By: _____

**EXHIBIT "A"**

JEFFERSON CIRCUIT COURT
DIVISION TWELVE (12)

NO.                                                     JEFFERSON CIRCUIT COURT
                                                                  DIVISION _____

**JANICE COLSTON, EXECUTRIX OF THE**
**ESTATE OF TOMMIE HAUGABOOK,**                            **PLAINTIFF**

## COMPLAINT

**REGENCY NURSING, LLC**                                         **DEFENDANT**

    Serve:         Corporation Service Company
                         421 W. Main Street
                         Frankfort, Kentucky 40601

      Comes the Plaintiff, Janice Colston, Executrix of the Estate of Tommie Haugabook, Deceased, by and through counsel, and for her causes of action against Defendant states as follows:

      1.     Janice Colston brings this action pursuant to the Survival of Actions Statute (K.R.S. § 411.140) and the Wrongful Death Statute (K.R.S. § 411.130).

      2.     Janice Colston is the daughter of Tommie Haugabook and a resident of the Commonwealth of Kentucky.

      3.     Janice Colston is the Executrix of the Estate of Tommie Haugabook pursuant to the Order appointing her Executrix, Jefferson County District Court, Probate No. 15-P-002225, and therefore bring this action on behalf of the Estate of Tommie Haugabook. A copy of the Order appointing Janice Colston Executrix, dated June 15, 2015, is attached hereto marked as **Exhibit A**.

      4.     Upon information and belief, Tommie Haugabook was a resident of Regency Center located at 1550 Raydale Drive, Louisville, Kentucky 40219. Tommie Haugabook remained a resident there until December 30, 2014.

5. The Defendant, Regency Nursing, LLC is a foreign limited liability company active and in good standing doing business in the Commonwealth of Kentucky, organized in the State of Delaware for profit. Its principal office is located at One Beacon Street, Suite 1100, Boston, Massachusetts 02108. Upon information and belief, at all times material to this action, Defendant Regency Nursing, LLC operated, managed, controlled, and/or provided services for Regency Center in Jefferson County, Kentucky located at 1550 Raydale Drive, Louisville, Kentucky 40219. Upon information and belief, Defendant Regency Nursing, LLC was, at all times material to this action, the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Regency Nursing, LLC was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, Regency Nursing, LLC in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Tommie Haugabook. The registered agent for service of process of Regency Nursing, LLC is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

6. The Defendant controlled the operation, planning, management, budget and quality control of Regency Center. The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax

and accounting control through fiscal policies established by Defendant.

7. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

8. Tommie Haugabook was a resident of Regency Center from August 6, 2014 until December 30, 2014. She died on April 7, 2015.

9. Tommie Haugabook was looking to Defendant for treatment of her total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat her.

10. At all relevant times mentioned herein, the Defendant owned, operated, managed and/or controlled Regency Center, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

11. Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

12. Defendant failed to discharge its obligations of care to Tommie Haugabook with a conscious disregard for her rights and safety. At all times mentioned herein, Defendant, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Tommie Haugabook, as more fully set forth below. Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Regency Center.

13. Due to the wrongful conduct of Defendant, Tommie Haugabook suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

    a) Failure to properly care for trach;

    b) Failure to promote dignity by leaving her in soiled undergarments;

    c) Failure to prevent skin breakdown;

    d) Failure to prevent infections;

    e) Improper response to calls for assistance;

    f) Dehydration; and

    g) Death.

### NEGLIGENCE

14. Plaintiff re-alleges and incorporate the allegations contained in Paragraphs 1 - 13 as if fully set forth herein.

15. Defendant owed a non-delegable duty to Tommie Haugabook to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

16. Upon information and belief, Defendant knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Tommie Haugabook.

17. Defendant negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

    a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

        1) ensuring that the rules and regulations designed to protect

        the health and safety of the residents, such as Tommie Haugabook, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

   2)   ensuring compliance with the resident care policies for the facility; and

   3)   ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b)   Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

c)   Failure to provide the minimum number of qualified personnel to meet the total needs of Tommie Haugabook;

d)   Failure to maintain all records on Tommie Haugabook in accordance with accepted professional standards and practices:

e)   Failure to ensure that Tommie Haugabook received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f)   Failure to increase the number of personnel at the facility to ensure that Tommie Haugabook received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g)   Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h)   Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Tommie Haugabook's residency;

i)   Failure to monitor or increase the number of nursing personnel at the facility to ensure that Tommie Haugabook:

   1)   received timely and accurate care assessments;

   2)   received prescribed treatment, medication and diet; and

   3)   received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Tommie Haugabook in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

18. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Tommie Haugabook. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Tommie Haugabook.

19. Pursuant to KRS 446.070, Plaintiff also alleges Defendant violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Tommie Haugabook was injured by the statutory violations of Defendant and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Tommie Haugabook;

b) Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Tommie Haugabook, who was physically helpless or mentally helpless or permitting Tommie Haugabook, a person of whom Defendant had actual custody, to be abused. Such abuse caused serious physical injury, placed Tommie Haugabook in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Tommie Haugabook.

c) Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Tommie Haugabook, who was unable to care for her because of her illness;

d) Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

20. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Tommie Haugabook suffered the injuries described in Paragraph 13. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all

other relief to which Plaintiff are entitled by law.

## CORPORATE NEGLIGENCE

21.     Plaintiff re-allege and incorporate the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

22.     Tommie Haugabook was looking to Defendant's facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. There is a presumption that the treatment Tommie Haugabook received was being rendered through employees of Defendant and that any negligence associated with that treatment would render Defendant responsible. Defendant or persons or entities under their control, or to the extent Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Tommie Haugabook, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

23.     Defendant owed a non-delegable duty to assist Tommie Haugabook in attaining and maintaining the highest level of physical, mental and psychological well-being.

24.     Defendant owed a duty to Tommie Haugabook to maintain its facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

25.     Defendant owed a duty to Tommie Haugabook to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by

Defendant to insure smoothly run facilities and adequate resident care.

26. Defendant owed a duty to Tommie Haugabook to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Tommie Haugabook from danger due to her inability to care for herself. Defendant had a duty to protect Tommie Haugabook from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his mental condition or aberration would suggest as likely to happen.

27. With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Tommie Haugabook.

28. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Tommie Haugabook suffered the injuries described herein. Plaintiff assert a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

29. Plaintiff re-allege and incorporate the allegations contained in Paragraphs 1 – 28 as if fully set forth herein.

30. Defendant violated statutory duties owed to Tommie Haugabook as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

31. The violations of the resident's rights of Tommie Haugabook include:

   a) Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

   b) Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

   d) Violation of the right to be free from abuse and neglect; and

   e) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

32. As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

33. With regard to the aforementioned violations of the Resident's Rights Act,

Defendant acted with oppression, fraud, malice, or was grossly negligent by acting with wanton and reckless disregard for the rights of Tommie Haugabook and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendant in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## WRONGFUL DEATH

34. Plaintiff re-allege and incorporate the allegations contained in Paragraphs 1 – 33 as if fully set forth herein.

35. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, the Defendant caused the death of Tommie Haugabook by their wrongful conduct.

36. Tommie Haugabook suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress. The pain, disfigurement, and loss of dignity suffered by Tommie Haugabook caused her family to suffer more than normal grief upon her death.

37. As a direct and proximate result of such the wrongful death suffered by Tommie Haugabook, Plaintiff assert a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and

attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

38.  Plaintiff re-allege and incorporate the allegations contained in Paragraphs 1 – 37 as if fully set forth herein.

39.  As a direct and proximate result of the negligence of Defendant as set out above, Tommie Haugabook suffered injuries including, but not limited to, those listed herein. As a result, Tommie Haugabook suffered embarrassment, physical impairment, and death.

40.  Plaintiff seeks punitive and compensatory damages against Defendant in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Janice Colston, Executrix of the Estate of Tommie Haugabook, Deceased, and on behalf of the wrongful death beneficiaries of Tommie Haugabook, prays for judgment against Defendant in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted,

Jeffrey T. Sampson
**THE SAMPSON LAW FIRM**
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone:   (502) 584-5050

Attorney for Plaintiff

AOC-805
Rev. 10-05
Page 3 of 3

Case No. 15-P-002225

IN RE: Estate of Tommie Louise Haugabook

ORDER

[ ]  Petition filed this _____ day of _____ JUN 15 2015, 2____.

[ ]  Will tendered this _____ day of _____ JUN 15 2015, 2____.

Upon hearing, the Will offered was proven by Self Proving

and ORDERED PROBATED as the Last Will and Testament of Decedent this _____ day of JUN 15 2015.

The Court appoints: Janice Colston  as

[X] Executor/Executrix OR [ ] Administrator/Administratrix of said estate and fixes bond in the sum of

$ 10,000 _____ [ ] with surety OR [X] without surety.

Date: JUN 15 2015

David L. Holton II
Judge's Signature

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
JUN 15 2015
BY _____ DEPUTY CLERK

Distribution:
  Case File
  Revenue Cabinet

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON DISTRICT COURT
LOUISVILLE, KENTUCKY
BY _____ D.C.





U.S. POSTAGE >> PITNEY BOWES

ZIP 40202 $ 007.17⁵
02 1W
0001376043 JAN 05. 2016

7015 0640 0003 2839 6673

DAVID L. NICHOLSON
JEFFERSON COUNTY CIRCUIT C
LOUIS D. BRANDEIS HALL OF J
600 WEST JEFFERSON STREET
LOUISVILLE, KENTUCKY 40202



Corporation Service Company
421 W. Main Street
Frankfort, KY 40601