UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00050-GNS-CHL

JANICE COLSTON, Executrix of
the Estate of Tommie Haugabook                                                    PLAINTIFF

v.

REGENCY NURSING, LLC                                                              DEFENDANT

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Defendant's Motion for Partial Judgment on the Pleadings (DN 16). For the reasons discussed below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

This is a wrongful death and survival action. Plaintiff Janice Colston ("Colston"), as executrix of the estate of Tommie Haugabook ("Haugabook"), filed suit against Defendant Regency Nursing, LLC ("Regency") in Jefferson Circuit Court alleging that Regency failed to provide adequate care to Haugabook while she resided at a facility operated by Regency, resulting in her injury and death. (Notice of Removal, Ex. A, at 2, DN 1-2 [hereinafter Compl.]). In addition to traditional negligence claims, Colston alleges that Regency's conduct amounts to negligence per se. Specifically, Colston alleges:

> Violation(s) of KRS 209.006 et seq. and the regulations promulgated thereunder, by abuse, neglect, and/or exploitation of Tommie Haugabook.
> . . .
> Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and

1

Family Services pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

(Compl. ¶ 19(a), (e)).[1] Colston also asserts separate claims against Regency for alleged violations of KRS 216.515. (Compl. ¶¶ 29-33).

Regency removed the action to this Court under 28 U.S.C. § 1441(a). (Notice of Removal 2, DN 1). Subsequently, Regency filed the present motion, to which Colston failed to respond. This matter stands ripe for adjudication.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion." *Paulin v. Kroger Ltd. P'ship I*, No. 3:14CV-669-DJH, 2015 WL 1298583, at *3 (W.D. Ky. Mar. 23, 2015) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). Thus, to survive a Rule 12(c) motion, a complaint must establish "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Colston also alleges negligence per se based upon alleged violations of KRS 508.090 *et seq.*, KRS 530.080 *et seq.*, and KRS 506.080. (Compl. ¶ 19(b)-(d)). Regency's motion is not directed at these allegations.

2

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When ruling on a Rule 12(c) motion, a court "must view the complaint in the light most favorable to the nonmoving party, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the nonmoving party's favor." *Paulin*, 2015 WL 1298583, at *3 (citing *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)). A court need not, however, "accept as true the nonmoving party's legal conclusions or unwarranted factual allegations." *Id.* (citing *Commercial Money Ctr.*, 508 F.3d at 336). "The motion may be granted only if the moving party is nevertheless entitled to judgment as a matter of law." *Id.* (citing *Commercial Money Ctr.*, 508 F.3d at 336).

## IV. DISCUSSION

Regency argues that Colston's negligence per se claims for alleged violations of federal statutes and regulations, provisions of KRS Chapters 216 and 216B and their corresponding regulations, and provisions of KRS Chapter 209 and its corresponding regulations must be dismissed because those statutes and regulations cannot serve as a basis for negligence per se under Kentucky law. Additionally, Regency argues that Colston's claims against it for alleged violations of KRS 216.515 must be dismissed because she does not have standing to bring them. Regency's arguments are addressed in turn.[2]

### A. Negligence Per Se Claims

Kentucky codified the common-law doctrine of negligence per se in KRS 446.070, which provides that "[a] person injured by the violation of any statute may recover from the offender

---

[2] As this Court has explained, "[f]ederal courts sitting in diversity apply the choice-of-law rules of their forum. For tort claims, 'if there are significant contacts—not necessarily the most significant contacts—with Kentucky, the Kentucky law should be applied.'" *AEP Indus., Inc. v. UTECO N. Am., Inc.*, No. 1:14-CV-96-GNS, 2015 WL 1298556, at *3 (W.D. Ky. Mar. 23, 2015) (internal citation omitted) (citation omitted). Because there are significant contacts with Kentucky in this case, the Court will apply Kentucky law in addressing the parties' claims.

3

such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." KRS 446.070. The statute allows a plaintiff to substitute the general standard of care attendant to a negligence claim with a statutory standard of care, *Lewis v. B & R Corp.*, 56 S.W.3d 432, 438 (Ky. App. 2001), provided the following requirements are met: (1) the statute in question must be penal in nature or provide no inclusive civil remedy, *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005); (2) the plaintiff must be "within the class of persons the statute is intended to protect," *Young v. Carran*, 289 S.W.3d 586, 589 (Ky. App. 2009) (citing *Hargis*, 168 S.W.3d at 40); and (3) the plaintiff's injury must be of the type the statute was designed to prevent. *Carman v. Dunaway Timber Co.*, 949 S.W.2d 569, 570 (Ky. 1997).

### 1. *Federal Statutes and Regulations*

Colston cannot use Regency's alleged violations of federal statutes and regulations as a basis for negligence per se. Under Kentucky law, negligence per se is limited to Kentucky statutes. *Gonzalez v. City of Owensboro*, No. 4:14CV-49-JHM, 2015 U.S. Dist. LEXIS 99287, at *27 (W.D. Ky. July 29, 2015) ("[N]egligence per se does not apply beyond Kentucky's statutes." (citing *Young*, 289 S.W.3d at 589 (Ky. App. 2008))). Therefore, Colston's negligence per se claims against Regency for alleged violations of federal statutes and regulations fail as a matter of law and must be dismissed.

### 2. *KRS Chapters 216 & 216B*

Colston cannot use Regency's alleged violations of statutes found in KRS Chapters 216 and 216B and their corresponding regulations as a basis for negligence per se. KRS Chapter 216 imposes specific licensure and public health standards on long-term-care facilities located in Kentucky, while Chapter 216B places similar requirements on all health facilities and health

services.  KRS 216.510-.600; KRS 216B.010.  In *Puckett v. Salyersville Healthcare Center*, No. 2013-CA-001263-MR, 2015 WL 3643437 (Ky. App. June 12, 2015), the Kentucky Court of Appeals considered whether these statutes can be used to support claims of negligence per se.  The administrator of the estate of a former resident brought suit against a long-term-care facility alleging, among other claims, negligence and negligence per se.  *Id.* at *1.  The administrator alleged that violations of state and local laws concerning long-term-care facilities provided a basis for negligence per se.  *Id.*  The trial court held that those laws were not intended to confer enforceable rights or standards of care for the benefit of individual nursing home residents and granted the facility's motion for judgment on the pleadings with regard to the administrator's negligence per se claims.  *Id.* at *2.

The Kentucky Court of Appeals affirmed, first holding that "[t]he enumeration of specific rights enforceable via KRS 216.515(26) precludes a negligence per se action to enforce the broad provisions of KRS Chapter 216."  *Id.* at *1, 3.  The court noted that "a plaintiff lacks a negligence per se cause of action under KRS 446.070 where the more specific statute at issue 'both declares the unlawful act and specifies the civil remedy available[.]'"  *Id.* at *3 (alteration in original) (quoting *Grzby v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985)).  "In that situation, the plaintiff 'is limited to the remedy provided by the statute.'"  *Id.* (quoting *Grzby*, 700 S.W.2d at 401).  The court further explained:

> The General Assembly, in KRS 216.515, expressly listed the rights granted to residents of long-term care facilities and made those rights enforceable via a private right of action in KRS 216.515(26).  This evidences the legislature's intent and ability to create private rights of action for some of the provisions found in KRS Chapter 216 to the exclusion of others.  A civil remedy need not be perfect to displace a private cause of action under KRS 446.070.

*Id.* As a result, "any negligence per se claim for enforcement of other provisions of KRS Chapter 216 fails as a matter of law because only those rights created by KRS 216.515 are enforceable in a private right of action." *Id.*

The court also held that provisions of KRS Chapter 216B could not be used by the administrator to establish negligence per se. *Id.* at *4. "The clear thrust of the statutes is to prevent economic harm or the preclusion of access to health-care services by some of the citizenry by limiting the types and amount of costs which may be passed on by providers to patients[,]" yet the claims raised by the estate all related to physical injuries sustained by the decedent. *Id.* Therefore, the decedent did not suffer the type of harm that Chapter 216B was designed to prevent. *Id.*

This Court and other courts within this circuit have likewise held that KRS Chapters 216 and 216B cannot be used to support a claim of negligence per se. *Pace v. Medco Franklin RE, LLC*, No. 1:12-CV-00132, 2013 WL 3233469, at *5-7 (W.D. Ky. June 25, 2013); *Wise v. Pine Tree Villa, LLC*, No. 3:14-CV-517, 2015 WL 1611804, at *4-5 (W.D. Ky. Apr. 10, 2015); *Vanhook v. Somerset Health Facilities, LP*, 67 F. Supp. 3d 810, 821-22 (E.D. Ky. 2014); *Halcomb v. Britthaven, Inc.*, No. 12-255-DLB-HAI, 2015 WL 998560, at *8-9 (E.D. Ky. Mar. 5, 2015).

In light of these cases, Colston's negligence per se claims against Regency for alleged violations of KRS Chapters 216 and 216B fail as a matter of law and must be dismissed.

    **3.**    *KRS Chapter 209*

By contrast, Colston can use Regency's alleged violations of KRS Chapter 209 as a basis for her negligence per se claims. KRS Chapter 209, known as the Kentucky Adult Protection Act ("KAPA"), primarily aims to protect vulnerable adults from abuse, neglect, and exploitation.

*See* KRS 209.010(1)(a). In support of its argument, Regency relies on *Pace*, a prior decision of this Court holding that claims of negligence per se premised on alleged violations of KAPA fail as a matter of law. *See Pace*, 2013 WL 3233469, at *5. Regency, however, fails to mention this Court's subsequent decision in *Wise*. There, the plaintiff alleged negligence per se based on the defendant's alleged "abuse, neglect, and/or exploitation in violation of Chapter 209[,]" and this Court declined to dismiss his claim. *Wise*, 2015 WL 1611804, at *5. In so holding, the *Wise* opinion relied on *Vanhook* and explained:

> Applying the three prong test, the *Vanhook* court first found the criminal abuse provision provided no direct civil remedy to the aggrieved party. Because KAPA aims to protect vulnerable adults, and because the plaintiff was a physically infirm nursing home resident, the court next concluded that the decedent fell within the class of people protected by KAPA. Finally, the court found that the plaintiff had suffered the type of injury—namely, abuse and neglect—that KAPA aims to prevent. Thus, the Plaintiff in *Vanhook* stated a negligence per se claim predicated on violations of KAPA's criminal abuse provision.

*Id.* (internal citations omitted) (citation omitted).

The Court finds the reasoning of *Wise* and *Vanhook* persuasive. Colston can base a claim of negligence per se upon alleged violations of KAPA. Therefore, the motion is denied as to these claims.

### B. <u>KRS 216.515 Claims</u>

KRS 216.515(1)-(26) impose duties on long-term-care facilities and provide certain basic rights to their residents. "Those rights may be fairly characterized as providing a variety of protections relating to a resident's personal property, privacy, medical confidentiality, financial security, personal security, and social interaction." *Overstreet v. Kindred Nursing Ctrs. Ltd. P'ship*, 479 S.W.3d 69, 74 (Ky. 2015). Colston alleges the following violations of KRS 216.515:

    a.    Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

b. Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

c. Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

d. Violation of the right to be free from abuse and neglect

(Compl. ¶ 31(a)-(d)). "Subparagraph a" alleges violation of KRS 216.515(18); "Subparagraph b" alleges violation of KRS 216.515(22); "Subparagraph c" corresponds to no specific subsection of KRS 216.515; and "Subparagraph d" alleges violation of KRS 216.515(6). *See* KRS 216.515; *Overstreet*, 479 S.W.3d at 74 n.6. Colston further alleges that as a result of Regency's wrongful conduct Haugabook suffered:

> [A]ccelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries: a) Failure to properly care for trach; b) Failure to promote dignity by leaving her in soiled undergarments; c) Failure to prevent skin breakdown; d) Failure to prevent infections; e) Improper response to calls for assistance; f) Dehydration; and g) Death.

(Compl. ¶ 13(a)-(g)).

In *Overstreet*, the Kentucky Supreme Court explained which KRS 216.515 claims can be properly brought by an administrator of a deceased resident's estate. The administrator there alleged the following violations of KRS 216.515:

a. [T]he right to be treated with consideration, respect, and full recognition of her dignity and individuality, KRS 216.515(18);
b. [T]he right to be suitably dressed at all times given assistance when need in maintaining body hygiene and good grooming, KRS 216.515(20);
c. The right to have a responsible party or family member notified immediately of any accident, sudden illness, or anything unusual involving the resident, KRS 216.515(22);
d. The right to have an adequate and appropriate residential care plan developed and implemented; and
e. The right to be free from abuse and neglect, KRS 216.515(6).

*Overstreet*, 479 S.W.3d at 74 (internal footnote omitted). The administrator contended that Kentucky's survivorship statute, KRS 411.140, allowed him to bring the claims after the resident's death. KRS 411.140 provides:

> No right of action for personal injury or for injury to real or personal property shall cease or die with the person injuring or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury.

*Id.* at 77 (quoting KRS 411.140). Construing the statute, the court held that KRS 216.515 claims based upon the common law personal injury cause of action or a wrongful death action survive and can be brought by an administrator. *Id.* Meanwhile, claims based upon liabilities created by KRS 216.515 that are "not simply restatements of the common law personal injury action" can only be brought during the life of the resident by the resident or her guardian. *Id.* "[C]laims asserted under KRS 216.515 which did not allege injuries to . . . person or property are not saved by KRS 411.140." *Id.* at 78. Applying this reasoning, the court found that the administrator lacked standing to bring claims for alleged violations of KRS 216.515(18), (20), and (22), as well as alleged violation of "the right to have an adequate and appropriate residential care plan developed and implemented." *Id.* at 76-78.

This Court is bound by the *Overstreet* decision. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Colston's claims are similar to those forwarded by the administrator in *Overstreet*. She lacks standing to bring claims for alleged violations of KRS 216.515(18) and (22) and for "[v]iolation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet [Haugabook's] needs." However, Colston does have standing to bring a claim for violation of KRS 216.515(6), as it is "obvious that [Colston's] invocation of

9

Subsection (6) of KRS 216.515 is nothing other than a common law personal injury claim." *Overstreet*, 479 S.W.3d at 76.[3]

## V. CONCLUSION

For the reasons discussed above, Defendant's Motion for Partial Judgment on the Pleadings (DN 16) is **GRANTED IN PART** and **DENIED IN PART**.

**Greg N. Stivers, Judge**
**United States District Court**
June 7, 2017

cc: counsel of record

---

[3] This result did not obtain in *Overstreet* because the administrator's KRS 216.515(6) claim was barred by the applicable statute of limitations. Indeed, the section of the *Overstreet* opinion in which the court addresses survival is entitled "Survival of Overstreet's Remaining Claims." *Id.* at 76-77. Under the court's reasoning, however, a timely KRS 216.515(6) claim plainly survives at least to the extent premised upon injury to person or property.